UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTERIS HICKS,<br><br>　　　　Defendant. | Case No. 14-cr-00549-EMC-1<br><br>**ORDER DENYING UNITED STATES'**<br>**MOTION TO STAY**<br><br>Docket No. 31 |

　　　　Defendant Anteris Hicks has filed a petition for relief pursuant to 28 U.S.C. § 2255. The petition is predicated on *Johnson v. United States*, 135 S. Ct. 2551 (2015). There, the Supreme Court evaluated the constitutionality of a provision in the Armed Career Criminal Act of 1985 pursuant to which "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that '*involves conduct that presents a serious potential risk of physical injury to another*.'" *Id.* at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis added). The Court held that this "residual clause" (the italicized language) was unconstitutionally vague.

　　　　Currently pending before the Court is the government's motion to stay Mr. Hicks's § 2255 petition pending a decision by the Supreme Court in *Beckles v. United States*, No. 15-8544, 2016 U.S. LEXIS 4142 (June 27, 2016) (granting certiorari). In *Beckles*, three issues have been raised: (1) whether *Johnson*'s holding applies to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2)[1]; (2) if so, whether the invalidity of the guideline should be applied

---

[1] Under U.S.S.G. § 4B1.2(a)(2), "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

retroactively; and (3) whether possession of a sawed-off shotgun remains a "crime of violence." Having considered the parties' briefs, the Court hereby **DENIES** the government's stay motion.

## I.   FACTUAL & PROCEDURAL BACKGROUND

The indictment against Mr. Hicks contained two charges – namely, two separate counts of violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1) (providing that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition").

A plea agreement was ultimately reached. *See* Docket No. 15 (plea agreement). In the plea agreement, Mr. Hicks agreed to plead guilty to count one of the indictment. *See* Docket No. 15 (Plea Agt. ¶ 1).

Mr. Hicks also agreed that he had been

> convicted of at least three felonies. [1] On or about March 2, 2011, I was convicted of grand theft in violation of California Penal Code section 487(c), which is a crime punishable by a term of imprisonment exceeding one year. [2] On or about November 17, 2010, I was convicted of sale of a controlled substance in violation of California Health and Safety Code section 11352(a), also a crime punishable by a term of imprisonment exceeding one year. [3] Prior to that, on or about June 29, I was convicted of receiving stolen property, a crime punishable by a term of imprisonment exceeding one year, in violation of California Penal Code section 495(a).

Docket No. 15 (Plea Agmt. ¶ 2).

Finally, Mr. Hicks agreed that

> the Sentencing Guidelines offense level will be calculated as follows . . .
>
> a.   Base Offense Level, U.S.S.G. § 2K2.1(a)(4)(A):        20
>
> b.   Specific offense characteristics, U.S.S.G. § 2K2.1(b)(4)(B) (altered or obliterated serial number):        +4
>
> c.   Acceptance of Responsibility        –3

Docket No. 15 (Plea Agmt. ¶ 7).

Regarding Base Offense Level, U.S.S.G. § 2K2.1(a)(4)(A) provides for a Base Offense Level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining

one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The Application Notes for U.S.S.G. § 2K2.1 state that "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1, Application Note 1; *see also* note 1, *supra*.

The Presentence Report, in discussing the Base Offense Level, stated as follows:

> The guideline for 18 U.S.C. § 922(g)(1) offenses is found in USSG §2K2.1 of the guidelines. That section provides that an offense involving possession of a firearm and the commission of the instant offense occurred subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; specifically, Grand Theft From Person in San Francisco County Superior Court, Docket No.: 10037818, has a base offense level of 20. USSG §2K2.1(a)(4).

Docket No. 16 (PSR ¶ 15). The PSR mentioned only Mr. Hicks's grand theft prior conviction and not the prior controlled substance conviction. *See* Docket No. 15 (Plea Agmt. ¶ 2) ("On or about November 17, 2010, I was convicted of sale of a controlled substance in violation of California Health and Safety Code section 11352(a), also a crime punishable by a term of imprisonment exceeding one year.").

## II.    DISCUSSION

The government has moved for a stay of the § 2255 proceedings pending a decision of the Supreme Court in *Beckles*.

In evaluating the government's motion, the Court first takes note that it appears Mr. Hicks has been in continuous federal custody since November 19, 2014. *See* Docket No. 16 (PSR at 1). In his § 2255 petition, he asks the Court to vacate his current sentence of 57 months and resentence him to 30 months. *See* Docket No. 29 (Mot. at 16). Thus, if the Court were to grant Mr. Hicks the habeas relief sought, then his release date would be in approximately May 2016, and that would be without any good-time credit. As it is already well past May 2016, delay in adjudicating Mr. Hicks's petition is problematic. *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (noting that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy"); *see also United States v. Phillips*, No. CR-06-0179 PJH (Docket No. 120) (noting that "staying these proceedings

pending a decision by the Supreme Court on this threshold question could result in prejudicial delay to defendant, who seeks a reduced term of imprisonment that may be exceeded by time served"); *United States v. Greek*, No. 14-cr-00605-TEH, 2016 U.S. Dist. LEXIS 105744, at *2 (N.D. Cal. Aug. 10, 2016) (noting that "Greek has already served approximately 20 months, and it is possible that, with good time credits, a new sentence could result in his scheduled release around or before the Supreme Court's decision in Beckles").

The Court acknowledges that Mr. Hicks may not get a sentence reduction of the magnitude requested. Moreover, the government seems to have made an argument that there should be no change in his sentence because a base offense level of 20 could be justified based on Mr. Hicks's prior conviction for a controlled substance (*i.e.*, instead of the prior conviction for grand theft which was deemed a crime of violence for purposes of U.S.S.G. § 2K2.1). However, the Court cannot prejudge at this point the merits of Mr. Hicks's petition. Those possibilities are not enough to justify a stay given the habeas context.

Finally, the Court takes into account that the Ninth Circuit has lifted the stay of proceedings in the cases cited by the government. *See Gardner v. United States*, No. 15-72559 (9th Cir.) (Docket No. 42) (order, filed on August 1, 2016); *Jacob v. United States*, No. 15-73302 (9th Cir.) (Docket No. 32) (order, filed on August 1, 2016).

Accordingly, for the reasons stated above, the stay motion is denied.

This order disposes of Docket No. 31.

**IT IS SO ORDERED**.

Dated: September 2, 2016

_____
EDWARD M. CHEN
United States District Judge

4