United States District Court
For the Northern District of California

1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7     UNITED STATES OF AMERICA,                    Case No.  14-cr-00549-EMC-1

8                 Plaintiff,

9          v.                                      **ORDER DENYING DEFENDANT'S
                                                   MOTION TO VACATE SENTENCE (28
10    ANTERIS HICKS,                               U.S.C. § 2255)**

11                Defendant.                       Docket No. 28

12

13          Defendant Anteris Hicks has filed a petition for relief pursuant to 28 U.S.C. § 2255.

14    Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES**

15    his motion to vacate his sentence.

16                          **I.      FACTUAL & PROCEDURAL BACKGROUND**

17          Mr. Hicks was indicted for two separate counts of violation of 18 U.S.C. § 922(g)(1), felon

18    in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1) (providing that "[i]t shall be unlawful for

19    any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a

20    term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or

21    ammunition").

22          A plea agreement was ultimately reached.  *See* Docket No. 15 (plea agreement). In the plea

23    agreement, Mr. Hicks agreed to plead guilty to count one of the indictment.  *See* Docket No. 15

24    (Plea Agt. ¶ 1).

25          Mr. Hicks further agreed that he had previously been

26                  convicted of at least three felonies.  [1] On or about March 2, 2011, I
                    was convicted of grand theft in violation of California Penal Code
27                  section 487(c), which is a crime punishable by a term of
                    imprisonment exceeding one year.  [2] On or about November 17,
28                  2010, I was convicted of sale of a controlled substance in violation

United States District Court
For the Northern District of California

of California Health and Safety Code section 11352(a), also a crime
punishable by a term of imprisonment exceeding one year.  [3] Prior
to that, on or about June 29, I was convicted of receiving stolen
property, a crime punishable by a term of imprisonment exceeding
one year, in violation of California Penal Code section 495(a).

Docket No. 15 (Plea Agmt. ¶ 2).

Finally, Mr. Hicks agreed that

the Sentencing Guidelines offense level will be calculated as follows
. . .

a.      Base Offense Level, U.S.S.G. § 2K2.1(a)(4)(A):      20

b.      Specific offense characteristics, U.S.S.G. § 2K2.1(b)(4)(B)
(altered or obliterated serial number):            +4

c.      Acceptance of Responsibility                        –3

Docket No. 15 (Plea Agmt. ¶ 7).

As indicated by the above, the Base Offense Level was calculated based on U.S.S.G. §
2K2.1, which is the applicable guideline for 18 U.S.C. § 922(g)(1) offenses.  Under U.S.S.G. §
2K2.1, the Base Offense Level is 20 if, *e.g.*, "the defendant committed any part of the instant
offense subsequent to sustaining one felony conviction of *either* a crime of violence *or* a
controlled substance offense."  U.S.S.G. § 2K2.1(a)(4) (emphasis added).

The Presentence Report for Mr. Hicks indicated that the predicate prior felony conviction
was that for grand theft.  *See* Docket No. 16 (PSR ¶ 15) (referring to "Grand Theft From Person in
San Francisco County Superior Court, Docket No.: 10037818").  The PSR mentioned only Mr.
Hicks's prior grand theft conviction and not the prior controlled substance conviction.

## II.   DISCUSSION

Mr. Hicks's petition is predicated on *Johnson v. United States*, 135 S. Ct. 2551 (2015).
There, the Supreme Court evaluated the constitutionality of a provision in the Armed Career
Criminal Act of 1985 ("ACCA") pursuant to which "a defendant convicted of being a felon in
possession of a firearm faces more severe punishment if he has three or more previous convictions
for a 'violent felony,' a term defined to include any felony that '*involves conduct that presents a
serious potential risk of physical injury to another*.'"  *Id.* at 2555 (quoting 18 U.S.C. §
924(e)(2)(B)) (emphasis added).  The Court held that this "residual clause" (the italicized

2

1  language) was unconstitutionally vague.

2      Mr. Hicks argues that the rationale in *Johnson* renders his sentence invalid. More

3  specifically, Mr. Hicks notes that his Base Offense Level was based on his having previously

4  committed a crime of violence (grand theft), and crime of violence is defined in the Sentencing

5  Guidelines as follows:

6       [A]ny offense under federal or state law, punishable by
        imprisonment for a term exceeding one year, that –

7

8       (1)    has as an element the use, attempted use, or threatened use of
               physical force against the person of another, or

9       (2)    is burglary of a dwelling, arson, or extortion, involves use of
               explosives, *or otherwise involves conduct that presents a*
10             *serious potential risk of physical injury to another*.

11  U.S.S.G. § 4B1.2(a); *see also* U.S.S.G. § 2K2.1, Application Notes (stating that "'[c]rime of

12  violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the

13  Commentary to § 4B1.2"). In other words, the language deemed unconstitutional as part of the

14  ACCA residual clause in *Johnson* is replicated in the Sentencing Guidelines that were applicable

15  to Mr. Hicks.

16      In its opposition brief, the government makes multiple arguments: (1) that Mr. Hicks

17  waived the right to file a § 2255 motion, (2) that Mr. Hicks procedurally defaulted his *Johnson*-

18  based claim and cannot show cause and prejudice, (3) that the *Johnson* rule is not retroactive to

19  challenges to the Sentencing Guidelines, and (4) that any *Johnson* error is ultimately harmless

20  under the circumstances. For purposes of this order, the Court assumes that Mr. Hicks would

21  prevail on the first three arguments. The Court thus addresses only the last argument. That is,

22  assuming that Mr. Hicks's due process rights were violated, was that constitutional error

23  harmless?

24      According to the government, any due process violation was harmless, thus rendering

25  resentencing unnecessary, because the assessed Base Level Offense of 20 could have been based

26  on Mr. Hicks having previously been convicted of a controlled substance offense rather than a

27  crime of violence. *See* U.S.S.G. § 2K2.1(a)(4)(A) (providing for a Base Offense Level of 20 if

28  "the defendant committed any part of the instant offense subsequent to sustaining one felony

3

conviction of *either* a crime of violence *or* a controlled substance offense") (emphasis added).

"Controlled substance offense" is defined in the Sentencing Guidelines as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b); *see also* U.S.S.G. § 2K2.1, Application Note (providing that "'[c]ontrolled substance offense' has the meaning given that term in §4B1.2(b) and Application Note 1"). As indicated above, in the plea agreement, Mr. Hicks agreed that, "[o]n or about November 17, 2010, I was convicted of sale of a controlled substance in violation of California Health and Safety Code section 11352(a),[1] . . . a crime punishable by a term of imprisonment exceeding one year." Docket No. 15 (Plea Agmt. ¶ 2); *see also* Opp'n, Ex. 2 (felony complaint charging Mr. Hicks with violating § 11352(a) "in that the said defendant did willfully and unlawfully import into the State of California, sell, furnish, administer, give away, and offer to import into the State of California, sell, furnish, administer, give away a controlled substance, to wit: COCAINE BASE SCHEDULE"). Given these circumstances, the Court agrees with the government that any *Johnson* error is harmless.

As an initial matter, the Court notes that numerous courts have applied harmless error analysis to *Johnson*. *See United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016) (agreeing with the government that, "even if the district court erred by relying on the residual clause, the error

---

[1] Section 11352(a) provides in relevant part as follows:

> Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport (1) any controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, . . . shall be punished by imprisonment . . . .

Cal. Health & Safety Code § 11352(a).

United States District Court
For the Northern District of California

4

United States District Court
For the Northern District of California

1    was harmless since Scott's two domestic assault convictions and his robbery conviction also

2    qualify as crimes of violence under clause (1), the 'use of force' clause"); *United States v. Jean*,

3    636 Fed. Appx. 767, 770 (11th Cir. 2016) (noting that *Johnson* error would be disregarded if it

4    was harmless "because it does not affect the sentence imposed"); *United States v. Winston*, No.

5    3:01-cr-00079, 2016 U.S. Dist. LEXIS 126751, at *18-19 (W.D. Va. Sep. 16, 2016) (applying

6    harmless error review – "[e]ven applying *Johnson I*'s narrowing of the force clause, robbery still

7    qualified as a predicate offense [within another ACCA clause]"); *Wiggan v. United States*, No.

8    3:15-cv-447 (SRU), 2016 U.S. Dist. LEXIS 103746, at *45 (D. Conn. Aug. 5, 2016) (effectively

9    applying harmless error review in concluding that, "[b]ecause the government failed to establish

10   that Wiggan had at least three prior convictions that would qualify as violent felonies under the

11   Elements Clause [*i.e.*, instead of the unconstitutional Residual Clause], Wiggan has shown that

12   actual prejudice resulted from his prior sentencing proceeding"); *United States v. Ladwig*, No.

13   2:03-CR-00232-RHW, 2016 U.S. Dist. LEXIS 92740, at *9-10 (E.D. Wash. June 28, 2016)

14   (noting that the *Johnson* violation "would be harmless only if the Court's finding that Mr.

15   Ladwig's attempted rape and burglary convictions constitute violent felonies could be justified

16   under one of the two remaining effective clauses of the ACCA"); *Lewis v. United States*, No. 15-

17   23059-CIV-SEITZ/WHITE, 2016 U.S. Dist. LEXIS 32700, at *7-8 (S.D. Fla. Mar. 11, 2016)

18   (noting that, "[r]egardless of whether a district court relies on the ACCA's residual clause to

19   enhance a sentence, there is no prejudicial error if the predicate offense also qualifies as a violent

20   felony under the elements clause").  Although one court has suggested *Johnson* error is structural,

21   *see Villanueva v. United States*, No. 16-CV-293 (JCH), 2016 U.S. Dist. LEXIS 75752, at *22-23

22   (D. Conn. June 10, 2016) (stating that "[t]aking the Residual Clause out of the equation so

23   substantially alters the framework of ACCA that a *Johnson* violation can hardly be said to be

24   anything other than 'structural error,'" but going on to hold that, even if harmless error review

25   applied, "the error was not harmless"), no appellate has so held and the district court opinion

26   appears to be a minority view.

27          In his reply brief, Mr. Hicks does not argue that *Johnson* error is not subject to harmless

28   error review.  Furthermore, Mr. Hicks has not asserted that a *Johnson* error constitutes structural

5

United States District Court

For the Northern District of California

1    error, and therefore both arguments are waived.  Furthermore, Mr. Hicks does not challenge the

2    government's analysis that, under the modified categorical approach, his prior conviction for

3    violating § 11352(a) constituted a conviction for a controlled substance offense, as defined in the

4    Sentencing Guidelines.  Nor does he contend that, if the § 11352(a) conviction were considered in

5    calculating the Guideline range under U.S.S.G. § 2K2.1(a)(4)(A), that range would yield the same

6    result as in the original PSR.  Mr. Hicks simply argues that, under the government's position, he

7    would get the same sentence "without having the U.S. Probation Office prepare a new PSR,

8    permitting [him] to prepare to prepare a new sentencing memorandum, or holding a new

9    sentencing hearing."  Reply at 12.  Since Mr. Hicks has not demonstrated or even meaningfully

10   argued that the Guideline range would differ if the § 11352(a) conviction was considered, any

11   *Johnson* error in this case is harmless.  To the extent Mr. Hicks suggests that the Court should

12   formally "delet[e] the illegal determination that [he] has committed a prior crime of violence,"

13   Reply at 12, he has failed to show that such a "correction" (assuming there was a *Johnson*

14   violation) is necessary to protect his rights.

15          Accordingly, Mr. Hicks's motion for relief is denied.

16          This order disposes of Docket No. 28.

17

18          **IT IS SO ORDERED**.

19

20   Dated: October 3, 2016

21                                                        _____

22                                                        EDWARD M. CHEN
                                                          United States District Judge
23

24

25

26

27

28

6